UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

—————————————————————

ROBERT CASANZIO,

                    Petitioner,                                    **DECISION AND ORDER**

          v.                                                                6:19-cr-06146 EAW
                                                                                6:21-cv-06216 EAW

UNITED STATES OF AMERICA,

                    Defendant.

—————————————————————

## I.      <u>INTRODUCTION</u>

*Pro se* petitioner Robert Casanzio ("Petitioner") has filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct the sentence imposed pursuant to a plea agreement.  (Dkt. 45).[1]  Petitioner claims that his counsel was ineffective when he "neglected to have Mr. Casanzio examined by a psychiatrist to determine whether he was insane at the time he committed his crimes."  (*Id*. at 4).  The government has filed a response in opposition to the petition.  (Dkt. 53).  Because Petitioner fails to satisfy the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), the petition is denied.[2]

---

[1]      All references to the docket in the instant Decision and Order are to the docket in Criminal Action No. 6:19-cr-06146 EAW.

[2]      Also pending before the Court is Petitioner's motion for an extension of time to file a reply to the government's opposition memorandum.  (Dkt. 55).  After requesting that extension, Petitioner filed two separate reply memoranda.  (Dkt. 58; Dkt. 60).  Therefore, the motion for an extension of time (Dkt. 55) is denied as moot.  However, the Court notes that the final submission from Petitioner—filed over nine months after the initial petition was filed, on December 27, 2021, and thus well outside the one-year statute of limitations, *see* 28 U.S.C. § 2255(f)(1)—raises an entirely new issue pertaining to his counsel's failure to raise objections to the term and conditions of supervised release imposed as part of the sentence.  (*See* Dkt. 60 at 3).  Because this claim does not have "a clear connection to the

II.    **BACKGROUND**

On February 5, 2019, Petitioner was charged by criminal complaint with distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A).  (Dkt. 1).  The allegations related to sexually explicit chats on social networking platforms with possible minor victims, that included distributing child pornography.  (*See id*.).  At the time of the chats, Petitioner was a registered sex offender, having been previously convicted of a violation of New York State Penal Law § 263.11.  (*Id*. at ¶ 10).

Shortly after his arrest, Petitioner's counsel, Assistant Federal Public Defender Jeffrey L. Ciccone, made an application for a competency evaluation.  (Dkt. 7; Dkt. 8). The motion was granted.  (Dkt. 9).  A report was filed on June 14, 2019, issued by Miriarn Kissin, Psy. D., a Forensic Psychologist at FMC Devens, who concluded that Petitioner's "competency-related skills are not significantly compromised by symptoms of a serious mental illness or defect such that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." (Dkt. 11 at 14).  Neither Petitioner nor the government objected to the report, and Petitioner was determined competent to stand trial.  (Dkt. 14; Dkt. 22).

---

legal claims in the original petition" and Petitioner has not even attempted to "show that extraordinary circumstances warrant equitable tolling," this newly raised claim related to supervised release is untimely.  *See*, *e.g.*, *Pizzuti v. United States*, No. 02CR1237LAPHBP, 2019 WL 10371606, at *17 (S.D.N.Y. Sept. 30, 2019) (citing *Gibson v. Artus*, 407 F. App'x 517, 519 (2d Cir. 2010)), *report and recommendation adopted*, No. 02CR1237LAPHBP, 2020 WL 5505384 (S.D.N.Y. Sept. 11, 2020); *see also Navarro v. McCarthy*, No. 6:20-CV-06094 EAW, 2023 WL 8375858, at *5 (W.D.N.Y. Dec. 4, 2023) (rejecting attempt to raise new grounds for habeas relief in reply memorandum).

On November 22, 2019, Petitioner appeared before the undersigned with Mr. Ciccone, waived indictment, and pleaded guilty pursuant to a plea agreement to a violation of 18 U.S.C. § 2252A(a)(5)(B).  (Dkt. 32; Dkt. 33; Dkt. 47).  The plea agreement provided that the government and Petitioner agreed that the Sentencing Guidelines would recommend a prison sentence of 120 months (the statutory mandatory minimum), a fine of $25,000 up to $250,000, and a supervised release term of five years up to life.  (Dkt. 32 at ¶ 14).  The plea agreement included an appellate/collateral attack waiver, whereby Petitioner knowingly waived his "right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than" that range.  (*Id*. at ¶ 22).  The Court questioned Petitioner concerning that waiver at the plea hearing to ensure that he understood its implications.  (Dkt. 47 at 21-22).

Consistent with the plea agreement, the Presentence Investigation Report (PSR) calculated an offense level of 27 but a criminal history category of III as opposed to II.  (Dkt. 37 at ¶¶ 99-100).  Due to the statutory mandatory minimum prison sentence of 120 months, the difference in the criminal history category did not change the recommended sentence under the Sentencing Guidelines.  (*Id*. at ¶ 100).

On February 28, 2020, the undersigned sentenced Petitioner to the mandatory minimum prison sentence of 120 months, followed by 15 years of supervised release.  (Dkt. 40; Dkt. 41).  The Court imposed the $100 special assessment and a $500 assessment pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, but otherwise waived any financial penalties.  (Dkt. 41 at 7).  The judgment was entered on March 11, 2020.  (Dkt. 41).  Petitioner never pursued an appeal from the sentence or

otherwise challenged the sentence, until the filing of the pending § 2255 petition on March 4, 2021.  (Dkt. 45).

## III.   <u>DISCUSSION</u>

Petitioner raises a single issue in support of the § 2255 petition—that his counsel was ineffective for not pursuing an insanity defense.  Petitioner does not contend that he was not competent at the time of his plea, and in fact concedes that his plea was knowing and voluntary.  (*See* Dkt. 58 at 3).  But he contends that his counsel's performance was deficient for not pursuing an insanity defense, and if he had been aware of his counsel's errors at the time of his plea, he would not have entered into it.  (*Id.*).[3]

A prisoner in federal custody may challenge the validity of his sentence by filing a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence.  *See* 28 U.S.C. § 2255(a).  "Section 2255 provides relief in cases where the sentence: (1) was imposed in violation of the U.S. Constitution or the laws of the United States; or (2) was entered by a court without jurisdiction to impose the sentence; or (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral

---

[3]     Petitioner does not challenge the voluntary and knowing nature of his plea of guilty, nor is it clear that he is specifically claiming that he received ineffective assistance of counsel in connection with the plea (as opposed to through counsel's alleged failure to pursue an insanity defense).  Thus, there is an argument that his present challenge is barred by the collateral attack waiver contained in the plea agreement.  *See Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016).  Because the Court resolves the pending petition on the merits, it need not resolve whether Petitioner has adequately raised an exception to the applicability of the collateral attack waiver.  *See United States v. Monzon*, 359 F.3d 110, 119 (2d Cir. 2004) (collateral attack waiver is unenforceable if it "was the result of ineffective assistance of counsel").

attack." *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004) (citing 28 U.S.C. § 2255).

In reviewing a *pro se* petition for habeas corpus, the Court must be mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted); *see also Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983) ("[D]ue to the *pro se* petitioner's general lack of expertise, courts should review habeas petitions with a lenient eye. . . .").

"The Sixth Amendment requires effective assistance of counsel at critical stages of a criminal proceeding." *Lafler v. Cooper*, 566 U.S. 156, 165 (2012). "Pursuant to the well-known two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984), a habeas petitioner alleging ineffective assistance of counsel 'must demonstrate (1) that his counsel's performance fell below what could be expected of a reasonably competent practitioner; and (2) that he was prejudiced by that substandard performance.'" *Woodard v. Chappius*, 631 F. App'x 65, 66 (2d Cir. 2016) (quoting *Pearson v. Callahan*, 555 U.S. 223, 241 (2009)). As discussed below, Petitioner fails to meet either prong of the *Strickland* test.

A.   Defense Counsel's Performance was Objectively Reasonable.

With respect to the first prong of the test—the objective prong—it is important to keep in mind that "[t]o eliminate the 'distorting effects of hindsight,' a reviewing court '"must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," bearing in mind that "[t]here are countless ways to

provide effective assistance in any given case" and that "[e]ven the best criminal defense attorneys would not defend a particular client in the same way."'" *Cromitie v. United States*, No. 09 CR 558-01 (CM), 2017 WL 1383982, at *4 (S.D.N.Y. Apr. 7, 2017) (quoting *United States v. Aguirre*, 912 F.2d 555, 560 (2d Cir. 1990) (internal citations omitted)).

Petitioner contends that his counsel unreasonably failed to pursue an insanity defense.  The Insanity Defense Reform Act of 1984 establishes an affirmative insanity defense in cases where the defendant, "as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts."  18 U.S.C. § 17(a).  A defendant asserting this defense bears the burden to prove it by clear and convincing evidence.  *Id*. at § 17(b).

While Petitioner complains that such a defense was not pursued on his behalf, he fails to offer evidence to support his contention that he suffered a "severe mental disease or defect" at the time of the offense so as to render him "unable to appreciate the nature and quality or the wrongfulness of his acts."  Petitioner does not identify the purported "severe mental disease or defect" from which he allegedly suffered, and instead his claims are vague and far from certain—simply stating without any specifics that he has a "significant history of mental illness" and that it "is very likely" that he was suffering from "a mental illness" at the time of the offense.  (Dkt. 45 at 4; *see also* Dkt. 45-1 at 2 ("Given [Petitioner's] massive psychiatric history, it's a very high probability that an expert psychiatrist would have opined that [Petitioner] was suffering from a severe mental illness at the time of the crime.")).

As compared to Petitioner's vague and conclusory claims of mental illness, the forensic report prepared as part of the competency determination during Petitioner's criminal proceedings directly undercuts any claim that he suffered a "severe mental disease or defect" making an insanity defense a viable option.  While Petitioner outlined for the evaluator his mental health history, he stated that "in the months leading up to his instant arrest, he felt well, not anxious or depressed."  (Dkt. 11 at 6).  Moreover, while the evaluator recognized Petitioner's substance abuse history and personality disorders "which significantly limit his capacity to cope with stressors and have served to undermine the quality of his interpersonal relationships and level of social functioning," the evaluator concluded that Petitioner suffered from "strikingly deficient coping skills" as opposed to any "psychotic disorder."  (*Id*. at 10-11; *see also id*. at 11 ("[Petitioner's] history and current presentation are inconsistent with symptoms associated with a psychotic illness or severe mood disorder.")).

Moreover, at his plea hearing, Petitioner confirmed under oath that while he was using illegal drugs at the time of the offense that caused him to make poor decisions, he knew what he was doing and he knew that he was downloading and viewing child pornography (Dkt. 47 at 8; *see also id*. at 3-4 (Petitioner confirming attorney's statements that he knew what he was doing when he committed the offense)).  *Cf. Knight v. United States*, 10-CR-144S, 2017 WL 77107, at *6 (W.D.N.Y. Jan. 9, 2017) (where petitioner did not challenge competency during plea hearing, but rather only during commission of crime, court rejected claims of ineffective assistance of counsel based on failure to pursue insanity defense where petitioner never raised the issue of insanity during plea colloquy and "bald

accusations of effective assistance of counsel" contradicted "sworn statements at the plea allocution").

In sum, Petitioner has offered no support for his conclusory allegations that his counsel's performance was deficient for not pursuing an insanity defense. The record evidence establishes that no such defense was viable. Under the circumstances, with no support in the record and nothing offered by Petitioner outside of speculation, it was not unreasonable for defense counsel not to pursue an insanity defense.

    B.    <u>Petitioner Cannot Establish Actual Prejudice.</u>

With respect to the second prong of the test—the subjective prong—a defendant must meet the "the highly demanding and heavy burden in establishing actual prejudice" by establishing that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Cromitie*, 2017 WL 1383982, at *4 (quoting *Strickland*, 466 U.S. at 693-94 and *Williams v. Taylor*, 529 U.S. 362, 393 (2000)). Like Petitioner's claims when evaluated under the first prong of the *Strickland* test, Petitioner's claims of actual prejudice amount to nothing more than conclusory speculation that fall woefully short of the requisite showing. "District courts within the Second Circuit have routinely denied § 2255 motions that allege counsel was ineffective for failing to seek a psychiatric evaluation, where the movant offered nothing more than the conclusory assertion that expert testimony would have made a difference in the outcome of his case." *Cromitie*, 2017 WL 1383982, at *5 (collecting cases). Accordingly, the petition must be dismissed as Petitioner has failed to meet either part of the *Strickland* test.

IV.   **CONCLUSION**

For the foregoing reasons, the Court denies Petitioner's § 2255 motion.  (Dkt. 45).

The Clerk of Court is directed to close Civil Action No. 6:21-cv-06216 EAW.

The Court declines to issue a certificate of appealability because Petitioner has

failed to make a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C.

§ 2253(c).

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:          January 31, 2024
                Rochester, New York